■ In the Matter of MICHAEL WALLACE, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered March 22, 1992 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, direct respondent to recompute the expiration date of petitioner's aggregate sentence.

Petitioner was initially sentenced on January 23, 1987 for criminal sale of a controlled substance in the fifth degree to an indeterminate prison term of 1 year, 6 months to 4 years, 6 months. He was received by the Department of Correctional Services (hereinafter DOCS) for service on this sentence on February 10, 1987 and credited with 405 days of jail time. He was released on parole on July 1, 1987. As of September 9, 1987, petitioner was declared delinquent and a parole violation warrant was issued on October 9, 1987. Petitioner remained at liberty until his arrest on a new charge on February 9, 1990, after which he was held on both the new charge and the parole violation warrant. The parole violation warrant required that petitioner be held pending a preliminary and final parole revocation hearing. The preliminary hearing was waived and a final hearing was held on November 8, 1990, which resulted in a November 29, 1990 decision revoking petitioner's parole and directing as follows: "Return when available and hold 15 months before next board appearance." On July 30, 1991, petitioner was convicted on the new charge and on August 22, 1991 he was sentenced as a prior felony offender to an indeterminate prison term of 2 to 4 years. Petitioner was transferred on October 2, 1991 to the custody of DOCS.

Petitioner's jail time, commencing on February 9, 1990 (the date of his arrest on the new charge) until his transfer to DOCS on October 2, 1991, amounted to 600 days of credit, which he received on his new sentence. When petitioner was received by DOCS on October 2, 1991, he owed no time on his prior minimum sentence which had expired on June 29, 1987. However, he owed 2 years, 9 months, 20 days on his prior

maximum sentence. His new sentence of 2 years minimum and 4 years maximum was reduced by 600 days (1 year, 7 months, 25 days) of credited jail time to a 4 months, 5 days minimum and 2 years, 4 months, 5 days maximum. Adding the amount of time owed by petitioner on his prior sentence (which was nothing on the minimum and 2 years, 9 months, 20 days on the prior maximum), yields a combined minimum of 4 months, 5 days, and a combined maximum of 5 years, 1 month, 25 days, which calculated from the date of petitioner's October 2, 1991 reception at DOCS yields a parole eligibility date of February 6, 1992 and a maximum jail term expiration date of November 26, 1996. Petitioner is not entitled to receive jail time credit on both his prior and his new sentence. The dismissal of the petition by Supreme Court was appropriate and its judgment should be affirmed.

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.